```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/06/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                                       :
UNITED STATES OF AMERICA,                  :

           -v-                                          :       21-cr-750 (LJL)

JULIO CESAR HERRERA JIMENEZ,          :       MEMORANDUM AND
                            Defendant.       :             ORDER
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Defendant Julio Caesar Herrera-Jimenez moves, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based on Amendment 821 to the United States Sentencing Guidelines. Dkt. Nos. 30, 36. The Government opposes the motion. Dkt. No. 40. Defendant has submitted a letter in reply. Dkt. No. 42.

       On December 10, 2021, Defendant pleaded guilty to a one-count information charging him with distributing, and possessing with intent to distribute, 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A). See Dkt. No. 19 ("Sentencing Tr.") at 2. On June 16, 2022, this Court sentenced Mr. Herrera to a term of imprisonment of fifty-four months to be followed by two years of supervised release. Dkt. No. 18. That sentence represented a variance from Mr. Herrera's Sentencing Guidelines range of fifty-seven to seventy-one months' imprisonment. Sentencing Tr. 5–6. Because Mr. Herrera was safety-valve eligible, he was not subject to the otherwise applicable mandatory minimum of ten years' imprisonment. Id. at 5–7.

       At the time of sentencing, the Court addressed the factors that made Mr. Herrera's sentencing a difficult one. Mr. Herrera committed an "an extraordinarily serious crime." Id. at 26. The Court summarized the evidence:

> He engaged in negotiations to sell 6500 fentanyl pills to an undercover agent for over $80,000. He was arrested with 6,000 fentanyl pills in his possession. The quantity of pills, the amount that he was to receive for them, and the fact that he was the sole person communicating about the transaction and engaged in the sale suggests that this was not a low-level offense. The communications that led to the negotiation took place over the course of several weeks. Mr. Herrera entered the United States illegally. The drug that Mr. Herrera was distributing can be extraordinarily dangerous and is lethal. In 2020, the National Institutes of Health reported that synthetic opioids, primarily fentanyl, caused the most drug overdose deaths in the United States, with approximately 56,516 such deaths documented that year. . . . [T]he pills Mr. Herrera was selling could have been distributed to a staggering number of individuals in the area, wreaking havoc on entire communities. It also could have destroyed lives.

*Id.* However, the Court also recognized that at the time Mr. Herrera committed this crime, he was employed and hardworking and was married and with a young child. *Id.* at 27. The Court also noted that Mr. Herrera had a limited criminal history; according to his presentence report, he was arrested one other time—a case that did not result in a disposition—arising from a window that he broke. *Id.* He accepted responsibility for his drug-trafficking crime quickly, he was at low risk of recidivism, and he would be deported immediately following his sentence. *Id.* The Court imposed a below-guidelines sentence of fifty-four months, based on the statutory factors relevant to Mr. Herrera's sentencing and the Court's balancing of those factors. *See id.* at 29.

Section 3582(c)(2) of Title 18 of the United States Code authorizes the Court, on motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 8 U.S.C. § 994(o) . . . [to] reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The law provides a "narrow exception" to the general rule that a

judgment of conviction including a term of imprisonment may not be modified once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The Government does not dispute that Defendant is eligible for a sentence reduction. The Court calculated Defendant's Sentencing Guidelines range as fifty-seven to seventy-one months based on an offense level of 25 and a Criminal History Category score of I. Sentencing Tr. at 6. Although Defendant's criminal history score was 0, the Court did not give him any credit for that criminal history score in his offense level because Defendant was sentenced in June 2022. Under the amended Sentencing Guidelines, Defendant's offense level would be 23 and his amended Guideline range would be forty-six to fifty-seven months. Dkt. No. 28. He therefore is eligible for a sentence reduction. The Court has the authority to reduce his sentence from fifty-four months to forty-six months. *See United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (court cannot reduce sentence to lower than bottom end of amended Guideline range except where the defendant has previously supplied the government with substantial assistance).

The Second Circuit has instructed that a court should consider how it would have sentenced the defendant originally had the Guidelines range been as amended. *See United States v. Brooks*, 891 F.3d 432, 437 (2d Cir. 2018). The Court cannot say that it would have imposed a sentence other than fifty-four months even under the amended Guidelines. In arriving at the fifty-four-month sentence, the Court gave substantial weight to the fact that Defendant did not have a criminal history and that he was not at great risk of recidivism. Sentencing Tr. at 27. The Court concluded that Defendant was not a "hardened criminal." *Id.* It imposed the fifty-four-month sentence because of the gravity of the crime and to serve the interests of just punishment and to promote respect for the law. *Id.* at 26. In short, the Court already took into account the

factors that the Sentencing Guidelines later took into account in providing for a decrease in the offense level for zero-point offenders.

The Court has considered all of the Section 3553(a) factors. Defendant committed a very serious offense. A sentence below fifty-four months would be inconsistent with the need for the sentence imposed to reflect the seriousness of that offense and with the interests of general deterrence. It would also be inconsistent with the interests of specific deterrence. The sentence originally imposed also was appropriate to ensure the safety of the community.

The motion for a sentence reduction is denied.

The Clerk of Court is respectfully directed to close Dkt. Nos. 30 and 36.

SO ORDERED.

Dated: February 6, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                   United States District Judge